QUAN MEI CHEN, Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY, United States Citizenship & Immigration Service, Respondent.

No. 04–6274–ag.

United States Court of Appeals, Second Circuit.

Oct. 16, 2007.

---

* The Honorable Edward R. Korman was originally a member of this panel but recused himself from consideration of this appeal. The remaining two members of the panel, who are in agreement, decide this appeal in accordance with Second Circuit Local Rule § 0.14.

Romben Aquino, (Edward J. Cuccia, on the brief), Ferro & Cuccia, New York, NY, for Petitioner.

Joseph O'Connell, (Paulina M. Jacobo, on the brief), for Richard B. Roper, United States Attorney, Northern District of Texas, Lubbock, TX, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. RICHARD C. WESLEY, Circuit Judges, Hon. CHARLES L. BRIEANT,[1] District Judge.

## SUMMARY ORDER

Quan Mei Chen ("Petitioner" or "Chen") appeals from a November 1, 2004 order of the BIA, affirming a May 13, 2002 decision[2] of Immigration Judge ("IJ") William Jankun denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture

---

1. The Honorable Charles L. Brieant, of the United States District Court for the Southern District of New York, sitting by designation.

2. After Petitioner appealed this decision, on June 7, 2002, the BIA returned the case to the IJ because the tapes containing the testimony of the hearing and the IJ's decision were missing. *See In re Quan Mei Chen*, No. A77 957 789 (B.I.A. Dec. 9, 2003). The Immigra-tion Court located the missing materials, and the IJ reinstated his May 13, 2002 decision, in an order dated January 5, 2004. *See In re Quan Mei Chen*, No. A77 957 789 (Immig. Ct. N.Y. City Jan. 5, 2004). On January 22, 2004, the Petitioner appealed the January 5, 2004 order to the BIA; this resulted in the BIA decision that is the subject of this appeal.

("CAT"). *In re Quan Mei Chen,* No. A 77 957 789 (B.I.A. Nov. 1, 2004), *aff'g* No. A 77 957 789 (Immig. Ct. N.Y. City May 13, 2002). We assume the parties' familiarity with the procedural history, facts, and relevant issues on appeal.

Where, as here, the BIA has adopted and added to the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the factual findings of the BIA or IJ for "substantial evidence," meaning that "we will not disturb a factual finding if it is supported by reasonable, substantial, and probative evidence in the record when considered as a whole." *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003) (internal quotation marks omitted). But "we retain substantial authority to vacate BIA or IJ decisions and remand for reconsideration or rehearing if the immigration court has failed to apply the law correctly or if its findings are not supported by record evidence." *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 337 (2d Cir.2006).

 In this case, the IJ made no explicit credibility finding. The BIA, however, "specifically f[ou]nd" Petitioner incredible, based in part on inconsistencies and implausibilities that had been noted by the IJ, but also, and "in particular," on an inconsistency that the IJ had not found. In doing the latter, the BIA violated regulations governing its authority to review decisions by the IJ. *See* 8 C.F.R. § 1003.1(d)(3)(i); *Fen Yong Chen v. Bureau of Citizenship & Immigration Servs.,* 470 F.3d 509, 514 (2d Cir.2006).[3] This constitutes legal error and requires remand, *id.,* unless remand would be futile,

*Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 401 (2d Cir.2005).

 Remand would not here be futile because the BIA and IJ made several other significant errors in evaluating Petitioner's claims. For example, the IJ found that Chen testified inconsistently about when she started dating her boyfriend, a finding that has no support in the record. And the BIA and IJ faulted Chen for not providing particular corroborating documentation (*e.g.,* evidence that the marriage age in Chen's home province was what she claimed) without identifying what sort of documentation was expected or showing that such documentation "was reasonably available" to Chen. *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 153 (2d Cir.2003), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007). In light of these missteps, we cannot be confident that the agency, applying the correct standard of review, would reach the same result upon reconsideration. *Li Hua Lin v. U.S. Dept. of Justice,* 453 F.3d 99, 108 (2d Cir.2006). And since the BIA's application of an improper standard of review affected its disposal of the entire appeal, we remand all of Chen's claims. *Fen Yong Chen,* 470 F.3d at 514.

Accordingly, the petition for review is GRANTED and the case is REMANDED to the BIA for further proceedings consistent with this order.

---

**3.** 8 C.F.R. § 1003.1(d)(3)(i) governs the BIA's standard of review because the BIA was reviewing an appeal filed with it after September 25, 2002. 8 C.F.R. § 1003.3(f).